UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:

JESUP & LAMONT, INC.,

              Debtor.

------------------------------------------------------------x

Chapter 11

Case No. 10-14133

**DECLARATION OF WILLIAM C. HOLUB UNDER LOCAL
RULE 1007- 2(a) IN CONNECTION WITH CHAPTER 11 FILING**

WILLIAM C. HOLUB declares pursuant to 28 U.S.C. § 1746 as follows:

1. I am the Senior Vice President-Finance of Jesup & Lamont, Inc. (the "Debtor"), the above-referenced debtor.

2. I submit this declaration under S.D.N.Y. Local Rule 1007-2(a) in connection with the filing of the Debtor's chapter 11 case, under title 11, United States Code (the "Bankruptcy Code").

**Background**

3. On the date hereof, the Debtor filed this chapter 11 case. This Declaration describes the business activities and background of the Debtor.

4. The Debtor is a Florida corporation with its principal executive office in New York, located at 623 Fifth Avenue, 3rd Floor, New York, New York 10022. The Debtor is a public company that was listed on the NYSE Amex under symbol "JLI" and began trading securities in April 2002.

5. The Debtor is a holding company which owns 100% of the stock of Empire Financial Group, Inc. ("EFG")[1] and Jesup & Lamont Securities Corporation ("JLSC"). The Debtor also owns 100% of the stock of Empire Investment Advisors, Inc.

---

[1] On November 12, 2008, EFG was out of compliance with the SEC's Net Capital Rule 15c3-1 due to an arbitration award against it for $772,000, plus costs and fees of approximately $80,000.

6. JLSC and EFG are securities brokerage firms registered with the SEC, and are therefore also members of and subject to the rules of the Financial Industry Regulatory Authority ("FINRA"). The SEC imposes a Uniform Net Capital Rule 15c3-1 ("Net Capital Rule"), which requires (i) the maintenance of minimum net capital, and (ii) that the ratio of aggregate indebtedness to net capital not exceed 15 to 1.

7. In November 2008, EFG ceased conducting any securities business, other than liquidating transactions, as a result of its inability to comply with the Net Capital Rule. EFG is filing a contemporaneous voluntary petition for relief under chapter 7 of the Bankruptcy Code.

8. On June 18, 2010, FINRA notified JLSC that it was out of compliance with the Net Capital Rule and needed to immediately cease conducting a securities business. Since June 18, 2010, JLSC was prohibited from engaging in any securities business other than liquidating transactions for existing positions. JLSC is in the process of winding down its business in accordance with FINRA guidelines.

9. Due to the above, the Debtor lost its main source of revenue and decided to wind-down its remaining business. The Debtor's assets include several bank accounts with minimal balances, security deposits held by landlords in connection with leases to for office space, and balances due on loans made to and promissory notes owed by former employees.

10. In this chapter 11 case, the Debtor intends to wind-down its remaining business, and liquidate any and all assets for the benefit of its creditors.

**The Debtor's Liabilities and Assets**

11. The Debtor estimates that it owes approximately $20,000,000 in unsecured claims, approximately $600,000 in secured debt as described more fully below, and approximately $4,000,000 in priority tax debt. The Debtor continues to employ nine (9) employees all of whom are assisting in the wind-down the Debtor's business.

12. With respect to secured debt, on January 31, 2007, the Debtor obtained a $2 million credit line ("Credit Line") from Fifth Third Bank pledging 100% of JLSC's stock as collateral. On February 1, 2008 the Credit Line expired and, effective as of January 29, 2008, the Credit Line was converted to a note payable (the "Secured Loan") which matured April 2, 2009. Under the Secured Loan, 100% of JLSC's stock is still pledged as collateral. As of December 31, 2009, the Debtor owed approximately $600,000 on the note.

**Information Required By Local Rule 1007-2**

13. It is my understanding that Local Rule 1007-2 requires the Debtor to disclose certain information relating to the Debtor's assets, liabilities and financial condition. That information is set forth in Exhibit "A."

**Conclusion**

14. The Debtor believes that with the protection of this Court, it will be able to marshal and liquidate its assets, and obtain the highest possible value of those assets for the benefit of creditors.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 28, 2010

**JESUP & LAMONT, INC**.

By: _____/s/ William C. Holub_____
Name: William C. Holub
Title: Senior Vice President – Finance