SCOTT HENDERSON
Creditor,
Pro Se
1812 Bobtail Drive
Maitland, Fl 32751
(407) 913-8090

Hearing Date: August 25, 2010
Time: 9:30 a.m.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re:

Chapter 11

JESUP & LAMONT, INC., Debtor

Case No. 10-14133 (AJG)

AFFIDAVIT OF OBJECTION

OBJECTION TO DEBTOR'S APPLICATION FOR AUTHORITY TO PAY CERTAIN PRE-PETITION WAGES, SALARIES, COMMISSIONS AND OTHER EMPLOYEE BENEFITS

STATE OF FLORIDA )
           ss:
COUNTY OF SEMINOLE)

I, **SCOTT HENDERSON**, being duly sworn, says:

1. I, reside at 1812 Bobtail Drive, Maitland, Florida 32751.

2. I am a former employee of **JESUP & LAMONT, INC.**, Debtor, having received a verbal termination of employment on or about June 29, 2010.

3. This Affidavit is submitted in partial opposition as such objection pertains to myself only, to the Debtor's application to pay petition wages, salaries, commissions and other employee benefits.

4. The basis for my objection is that the amount of money listed as due and owing to me is substantially incorrect, preventing a fair resolution and defeating the purported purpose of the Application.

5. Page 2 of Jesup's exhibit A unpaid wages states that I am only owed $239.65, whereas, I am owed the total sum of **$11,125.57** as follows:

May 2010 $7,972.66 commissions owed
June 2010 $6,250.00 base salary owed
**Total wages and commissions owed $14,222.66.**

Less amount, paid 6/15/10 for May commissions $3,336.74

Balance owed for wages and commissions $10,885.92

Plus Insurance refund owed 6/15 $239.65

**Total Owed $11,125.57**

6. I have enclosed a signed copy of my current employment contract (Exhibit A) proving a base salary of 75,000 per year, paid monthly at $ 6,250.00, plus a discretionary bonus as determined by the Director of Trading, Roger Morel. He determined my commission amount monthly based on revenue sheets (Exhibit B). I would then be paid the greater of two, commission amount or base pay $6,250. This total commission or salary was to be paid the following month on the 15th.

7. I have enclosed 2 May revenue sheets associated with my commission pay. The first sheet (Exhibit B) shows my correct revenues of account #8511 at $56,749 (Exhibit D) and account #5511 at $7,345 (Exhibit E), costs, and my net pay due for May as $ 7,972.66 (Exhibit B page 2 arrow Henderson). This amount was checked and approved by Director of Trading Roger Morel as usual. However for no apparent reason, I was only paid $ 3,336.74 (Exhibit F).. The second pay sheet (Exhibit C) shows the revenue numbers revised down by 5% and a "holdback" of 27,610.82 (arrow) on which we were not paid on at our 25% payout rate. This holdback was not agreed upon in any way, was not a policy, and we were the only employees subjected to this significant amount of pay missing. I also included the printed summaries of revenue sheets to confirm (Exhibits D and E). I am still due the balance of $ 4,636 from May commissions.

8. During June we were very limited with capital exposure and trading capabilities. I was officially terminated on 6/29 therefore I am due my base salary of $ 6,250 for the month of June, due on 7/15. To date I have been paid zero for June salary/commission.

9. On 6/15 payroll, I was deducted $ 239.65 for health insurance (Exhibit F). This insurance premium was not paid to United Healthcare resulting in no health coverage for the month of June with no notice. I am due this refund of $ 239.65

10. On June 17, 28, and August 13, 2010 I emailed a breakdown of the sum due and owing to Bill Holub, Roger Morel, Alan Weichselbaum, Diana Boykin, Todd Zuckerbrod, etc in an attempt to recover the money due to me. Copies of these emails are attached Exhibits G thru J.

11. The failure to list the total amount due and owed to me appears to be an act of bad faith.

12. The financial hardship caused by losing my job has been very difficult.

13. The burden has been compounded by the Debtor's refusal to pay all past due sums owed to me.

14. To grant the Debtor's Application without fully paying me as agreed defeats the alleged intent and purpose of the application itself.

15. I have enclosed an original of my B-10 Proof of Claim form related to this sum owed (Exhibit L).

**WHEREFORE,** I respectfully request that my claim be fully resolved for the allowable sum of $11,125 under the Priority granted by and pursuant to 11 U.S.C. SEC 507(a) and that I be granted such other and further relief as this Court may deem just and equitable.

Dated: August 17, 2010

 8/18/10

Scott Henderson, Claimant Pro Se

State of _Florida_
County of _Seminole,_

SWORN TO before me on 8/18/15 by _Scott W. Henderson_

The foregoing instrument was executed and acknowledged before me on 8/18/15 by _Scott Henderson_

Personally known _____
or Produced Identification ✓
Type of Identification Produced _FL DL LIC_

> BONNIE J. MURRO
> Notary Public, State of Florida
> Commission# DD987383
> My comm. expires Sept. 16, 2012

Notary Public
Print Name _Bonnie J. Murro_
Seal and Commission Expiration: _9-16-2012_

SilvermanAcampora, LLP
Proposed Attorneys for Jesup and Lamont, Inc.
100 Jericho Quadrangle, Suite 300
Jericho, New York 11753
(516)479-6300
Ronald J. Friedman
Adam L. Rosen
Attn: Sheryl P. Busell

Clerk the United States Bankruptcy Court
Alexander Hamilton U.S. Custom House
One Bowling Green
New York, NY 10004-1408

Chambers of Judge Arthur J. Gonzalez
One Bowling Green
New York, NY 10004

United States Trustee
33 Whitehall 21st Floor
New York, NY 10004
Attn: Brian S. Masumoto

# UNITED STATES BANKRUPTCY COURT

**PROOF OF CLAIM**

| Name of Debtor: Jesup & Lamont, Inc. | Case Number: 10-14133 |
|---|---|

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

**Name of Creditor (the person or other entity to whom the debtor owes money or property):** SCOTT HENDERSON

**Name and address where notices should be sent:**
1812 Bobtail Drive
Maitland, FL 32751

Telephone number: (407) 913-8090

☐ Check this box to indicate that this claim amends a previously filed claim.

**Court Claim Number:** _____
(If known)

**Filed on:** _____

**Name and address where payment should be sent (if different from above):**
Same -

Telephone number

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

**1. Amount of Claim as of Date Case Filed:** $ 11,125.00

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete item 5.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

**2. Basis for Claim:** Wages and Commissions
(See instruction #2 on reverse side.)

**3. Last four digits of any number by which creditor identifies debtor:** 1683

**3a. Debtor may have scheduled account as:** _____
(See instruction #3a on reverse side.)

**4. Secured Claim (See instruction #4 on reverse side.)**
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

**Nature of property or right of setoff:** ☐ Real Estate ☐ Motor Vehicle ☐ Other
**Describe:**

**Value of Property:** $_____ **Annual Interest Rate** _____%

**Amount of arrearage and other charges as of time case filed included in secured claim, if any:** $_____ **Basis for perfection:** _____

**Amount of Secured Claim:** $_____ **Amount Unsecured:** $_____

**6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

**7. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (*See instruction 7 and definition of "redacted" on reverse side.*)

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

**5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a).** If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim.

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

☑ Wages, salaries, or commissions (up to $11,725*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. §507 (a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. §507(a)(5).

☐ Up to $2,600* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(___).

**Amount entitled to priority:**
$ 11,125.00

*Amounts are subject to adjustment on 4-1-13 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

| Date: 8/17/10 | **Signature:** The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any. | FOR COURT USE ONLY |
|---|---|---|

Scott Henderson — Scott Henderson - Asst. Vice President

*Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.*

# Jesup & Lamont

## SECURITIES CORPORATION

650 FIFTH AVENUE
NEW YORK, NY 10019

FINRA
SIPC/MSRB

TELEPHONE: (212) 307-2660
FAX:    (212) 757-7475

December 15, 2008

Scott Henderson
1812 Bobtail Drive
Maitland Florida, 32751

Dear Scott,

I am pleased to extend this offer to you to join Jesup and Lamont Securities Corp. ("the Company") as an Assistant Vice President of Equity Trading. In that capacity, you will have a significant role working with Roger Morel in setting the policies and vision of our sales and execution services business.

This letter will outline the terms of your employment and compensation. You are an at will employee without any specific employment term. The terms of this letter are supplemented by the Employee Handbook and the other policies of the Company. The following terms, summarize the terms of your compensation:

Date of Hire: November 19, 2008

Location of Employment – You will be located in our Longwood Florida office.

Supervisor – You will be reporting to Roger Morel, Senior Managing Director Head of Equity Trading.

At-will Employment – You understand that you are an at-will employee without any specific term.

Hours - Normal business hours are from 8:30 a.m. until 5:30 p.m. Monday through Friday.

Classification for FLSA purposes – You will be considered an exempt employee and will not be entitled to overtime pay.

Commission- Any new relationship you bring directly to the Company your payout will be 20% of the P&L generated by that account. The payout will be paid quarterly as part of your bonus.

Bonus- you will be paid a quarterly discretionary bonus. That bonus will be determined by Roger Morel based on the profitability of the Equity division. You will receive 50% of your bonus within 45 days at the end of each quarter with the other 50% to be paid at years end.

Salary: Your annual salary will be $75,000.

Benefits and Expenses: You will be able to receive all health benefits after 30 days of employment. All approved business related expenses will be covered by the company.

Licensing and Registration – This offer is conditioned on your successful transfer of your General Securities Representative (Series 7), NASAA Uniform State Law Exam (Series 63), Equity Traders Exam (Series 55), and any other required licenses to perform the functions for which you are being hired. You will be subject to a background investigation including fingerprints.

In addition to the terms outlined, your employment is subject to all of the policies outlined in the Employee Handbook and the Written Supervisory Procedures of the Company.

We look forward to a long and productive association. If you have any questions regarding any of the compensation terms outlined above, please feel free to contact me. If you agree to the terms, please sign below and return the original letter to my attention.

Sincerely,

James Fellus        12-19-08
Chief Executive Officer      Date

Agreed to by:

Scott Henderson       12/17/08
                 Date

Jesup & Lamont Securities Corp
Income Statement
31-May-10

| | Current Period | % | YTD | % |
|---|---|---|---|---|
| **Revenues:** | | | | |
| 3200-000 Revenue - Trading | 56,749.83 | 100.00% | $449,018.65 | 100.00% |
| 6500-010 Revenue - Trading Unrealized gain/(loss) | 0.00 | 0.00% | | 0.00% |
| Total revenues | 56,749.83 | 100.00% | 449,018.65 | 100.00% |
| | | | | |
| **Commission and clearing costs:** | | | | |
| 4000-000 American stock exchange fees | 54.50 | 0.10% | 272.50 | 0.06% |
| 4010-000 NASDAQ fees | 402.91 | 0.71% | 3,419.69 | 0.76% |
| 4020-000 New York stock exchange fees | 60.00 | 0.11% | 512.00 | 0.11% |
| 4110-000 Clearing Fees - Legent Clearing | 1,513.25 | 2.67% | 17,077.00 | 3.80% |
| 4200-020 Commission Expense: W-2's | | 0.00% | 94,175.98 | 20.97% |
| 4310-015 Execution Costs - Bloomberg - Terminal | 1,590.00 | 2.80% | 11,502.45 | 2.56% |
| 4310-115 Execution Costs - Bloomberg - Market Data | 609.40 | 1.07% | 3,040.00 | 0.68% |
| 4310-315 Execution Costs - Bloomberg - Tradebook | 2,932.44 | 5.17% | 13,270.86 | 2.96% |
| 4310-415 Execution Costs - Bloomberg - SEOMSS | (389.57) | (0.69%) | 1,352.43 | 0.30% |
| 4310-025 Execution Costs - Other | 2,000.82 | 3.53% | 6,910.47 | 1.54% |
| 4330-020 FINRA: CRD fees | 196.64 | 0.24% | 668.40 | 0.15% |
| 4340-000 Other fees - miscellaneous | | 0.00% | 775.76 | 0.17% |
| 4350-000 Quote Fees | 1,516.49 | 2.68% | 3,367.02 | 0.75% |
| Total commissions and clearing costs | 10,487.88 | 18.48% | 156,344.56 | 34.82% |
| | | | | |
| **Employee compensation and benefits:** | | | | |
| 4620-010 Employee Benefits | 622.47 | 1.10% | 3,466.24 | 0.77% |
| 4640-010 Payroll Taxes | | 0.00% | 8,095.83 | 1.80% |
| Total employee compensation and benefits | 622.47 | 1.10% | 11,562.07 | 2.57% |
| | | | | |
| Revenues - excess of compensation & clearing costs | 45,639.48 | 80.42% | 275,766.83 | 61.42% |
| | | | | |
| **General and Administrative:** | | | | |
| 6020-000 Computer supplies and other expenses | | 0.00% | 117.99 | 0.03% |
| 6055-010 Insurance | 252.95 | 0.45% | 606.25 | 0.14% |
| 6060-000 Licenses | 0.23 | 0.00% | 25.36 | 0.01% |
| 6105-000 Office supplies | 53.18 | 0.09% | 405.72 | 0.09% |
| 6110-000 Payroll processing fees | | 0.00% | 110.74 | 0.02% |
| 6120-000 Postage and freight | 99.68 | 0.18% | 371.24 | 0.08% |
| 6130-000 Printing and reproduction expenses | | 0.00% | 13.40 | 0.00% |
| 6175-000 Rental expense - equipment under lease | 243.67 | 0.43% | 1,890.61 | 0.42% |
| 6185-000 Regulatory fees | | 0.00% | 419.55 | 0.09% |
| 6190-000 Repairs and maintenance - office equipment | | 0.00% | 71.24 | 0.02% |
| 6240-000 Storage | 18.40 | 0.03% | 85.22 | 0.02% |
| Total general and administrative | 668.11 | 1.18% | 4,117.32 | 0.92% |
| | | | | |
| **Communications and data processing:** | | | | |
| 4700-000 Internet | 648.84 | 1.14% | 3,375.89 | 0.75% |
| 4720-000 Telephone | 149.53 | 0.26% | 1,235.60 | 0.28% |
| Total communications and data processing | 798.37 | 1.41% | 4,611.49 | 1.03% |
| | | | | |
| **Occupancy:** | | | | |
| 4800-010 Rent | 670.26 | 1.18% | 2,745.04 | 0.61% |
| 4810-010 Utilities | 44.16 | 0.08% | 83.52 | 0.02% |
| Total occupancy | 714.42 | 1.26% | 2,828.56 | 0.63% |

| | | | | |
|---|---|---|---|---|
| Total operating expenses | 2,180.90 | 0.84% | 11,557.37 | 2.57% |
| Net Income before Firm Allocations | 43,458.58 | 76.58% | 264,211.46 | 58.84% |
| Other Income: | | | | |
| Other Expense: BOLGER/PETERSON (8.5%) | → 1,027.03 | | | |
| Net Income after taxes | 542,431.55 | 74.77% | $264,211.46 | 58.84% |

| | |
|---|---|
| Percentage | 25% |
| Net Payout | 10,607.89 |

| | |
|---|---|
| Deducted from Reps | |
| Shared revenues (Altman/Fechtor) | 100.00 |
| Shared revenues (Weiss) | 695.00 |
| Shared revenues (Silberman) | |
| Shared revenues (Mullins) | |

| | |
|---|---|
| Inventory SH 5511 | 7,356.10 |
| Percentage | 40% |
| Net Payout | 2,942.44 |

TOTAL            14,345.33 ←

| | | |
|---|---|---|
| SHELTON | 6,372.66 | ← NET PAY |
| HENDERSON | 7,972.66 | |

Exhibit C page 1

Jesup & Lamont Securities Corp.
Income Statement
31-May-10

| | Current Period | % | YTD | % |
|---|---|---|---|---|
| **Revenues:** | | | | |
| 3200-000 Revenue - Trading | $54,261.75 | 203.60% | $449,018.65 | 100.00% |
| Revenues - retained for current month | ($27,610.82) | | | |
| 6500-010 Revenue - Trading Unrealized gain/(loss) | 0.00 | 0.00% | | 0.00% |
| Total revenues | 26,650.93 | 100.00% | 449,018.65 | 100.00% |
| | | | | |
| **Commission and clearing costs:** | | | | |
| 4000-000 American stock exchange fees | 54.50 | 0.20% | 272.50 | 0.06% |
| 4010-000 NASDAQ fees | 402.91 | 1.51% | 3,419.69 | 0.76% |
| 4020-000 New York stock exchange fees | 60.00 | 0.23% | 512.00 | 0.11% |
| 4110-000 Clearing Fees - Legent Clearing | 1,513.25 | 5.68% | 17,077.00 | 3.80% |
| 4200-020 Commission Expense: W-2's | | 0.00% | 94,175.98 | 20.97% |
| 4310-015 Execution Costs - Bloomberg - Terminal | 1,590.00 | 5.97% | 11,502.45 | 2.56% |
| 4310-115 Execution Costs - Bloomberg - Market Data | 609.40 | 2.29% | 3,040.00 | 0.68% |
| 4310-315 Execution Costs - Bloomberg - Tradebook | 2,932.44 | 11.00% | 13,270.86 | 2.96% |
| 4310-415 Execution Costs - Bloomberg - SEOMSS | (389.57) | (1.46%) | 1,352.43 | 0.30% |
| 4310-025 Execution Costs - Other | 2,000.82 | 7.51% | 6,910.47 | 1.54% |
| 4330-020 FINRA: CRD fees | 195.64 | 0.73% | 668.40 | 0.15% |
| 4340-000 Other fees - miscellaneous | | 0.00% | 775.76 | 0.17% |
| 4350-000 Quote Fees | 1,518.49 | 5.70% | 3,367.02 | 0.75% |
| Total commissions and clearing costs | 10,487.88 | 39.35% | 156,344.56 | 34.82% |
| | | | | |
| **Employee compensation and benefits:** | | | | |
| 4620-010 Employee Benefits | 622.47 | 2.34% | 3,466.24 | 0.77% |
| 4640-010 Payroll Taxes | | 0.00% | 8,095.83 | 1.80% |
| Total employee compensation and benefits | 622.47 | 2.34% | 11,562.07 | 2.57% |
| | | | | |
| Revenues - excess of compensation & clearing costs | 15,540.59 | 58.31% | 275,768.83 | 61.42% |
| | | | | |
| **General and Administrative:** | | | | |
| 6020-000 Computer supplies and other expenses | | 0.00% | 117.99 | 0.03% |
| 6055-010 Insurance | 252.95 | 0.95% | 606.25 | 0.14% |
| 6080-000 Licenses | 0.23 | 0.00% | 25.35 | 0.01% |
| 6105-000 Office supplies | 53.18 | 0.20% | 405.72 | 0.09% |
| 6110-000 Payroll processing fees | | 0.00% | 110.74 | 0.02% |
| 6120-000 Postage and freight | 99.68 | 0.37% | 371.24 | 0.08% |
| 6130-000 Printing and reproduction expenses | | 0.00% | 13.40 | 0.00% |
| 6175-000 Rental expense - equipment under lease | 243.67 | 0.91% | 1,890.61 | 0.42% |
| 6185-000 Regulatory fees | | 0.00% | 419.55 | 0.09% |
| 6190-000 Repairs and maintenance - office equipment | | 0.00% | 71.24 | 0.02% |
| 6240-000 Storage | 18.40 | 0.07% | 85.23 | 0.02% |
| Total general and administrative | 668.11 | 2.51% | 4,117.32 | 0.92% |
| | | | | |
| **Communications and data processing:** | | | | |
| 4700-000 Internet | 648.84 | 2.43% | 3,375.89 | 0.75% |
| 4720-000 Telephone | 149.53 | 0.56% | 1,235.60 | 0.28% |
| Total communications and data processing | 798.37 | 3.00% | 4,611.49 | 1.03% |
| | | | | |
| **Occupancy:** | | | | |
| 4800-010 Rent | 670.26 | 2.51% | 2,745.04 | 0.61% |
| 4810-010 Utilities | 44.16 | 0.17% | 83.52 | 0.02% |
| Total occupancy | 714.42 | 2.68% | 2,828.56 | 0.63% |

Exhibit C page 2

| | | | | |
|---|---|---|---|---|
| Total operating expenses | 2,180.90 | 8.18% | 11,557.37 | 2.57% |
| Net Income before Firm Allocations | 13,359.69 | 50.13% | 264,211.46 | 58.84% |
| Other Income: | | | | |
| Other Expense: BOLGER/PETERSON (8.5%) | 1,027.03 | | | |
| Net Income after taxes | $12,332.66 | 46.27% | $264,211.46 | 58.84% |

| | |
|---|---|
| Percentage | 25% |
| Net Payout | 3,083.16 |

| | |
|---|---|
| Deducted from Reps | |
| Shared revenues (Altman/Fechter) | 100.00 |
| Shared revenues (Weiss) | 695.00 |
| Shared revenues (Silberman) | |
| Shared revenues (Mullins) | |

| | |
|---|---|
| Inventory SH 5511 | 6,988.30 |
| Percentage | 40% |
| Net Payout | 2,795.32 |

| | | | |
|---|---|---|---|
| TOTAL | 6,673.48 | -6673.48 | 0.00 |

| | | | |
|---|---|---|---|
| SHELTON | 3,336.74 | ( 3,337 ) | 0.00 |
| HENDERSON | 3,336.74 | ( 3,337 ) | 0.00 |

Exhibit D

LGTZZK51          06/01/2010    08:33

RICH A 8511 SEC-NO    052810    << ACCOUNT SUMMARY SCREEN >>
FUNC FRWD T TYPE 1 CRNCY USD     JESUP  LAMONT SECURITIES CO           SUB 111

8511    DI (DOM INSTITUTIONAL)
  PF1    LONG-VALUE    SHORT-VALUE      GROSS       P/L       INTEREST   U/R-P/L
  BEGIN                                82,573      56,759
  05/28                                 8,300        10-
  06/01                                          56,749
  CURR

8711    TRADING STRATEGY
  PF2    LONG-VALUE    SHORT-VALUE      GROSS       P/L       INTEREST   U/R-P/L
  BEGIN                                 1,500        238-
  05/28                                 2,800          3
  06/01
  CURR

8611    EMERGING MARKETS
  PF3    LONG-VALUE    SHORT-VALUE      GROSS       P/L       INTEREST   U/R-P/L
  BEGIN                                11,243
  05/28
  06/01
  CURR
  'ENTER' TO CONTINUE ACCOUNT INQUIRY


Exhibit E

RTCH A 5511 SEC-NO    052810      << ACCOUNT SUMMARY SCREEN >>
FUNC FRWD T TYPE 1 CRNCY USD      JESUP  LAMONT SECURITIES CO        SUB 111

5511   SH
 PF1    LONG-VALUE    SHORT-VALUE      GROSS        P/L       INTEREST   U/R-P/L
 BEGIN                                             6,343
 05/28                          7-               1,012
 16/01                                         -7345
 CURR

5511   DRP
 PF2    LONG-VALUE    SHORT-VALUE      GROSS        P/L       INTEREST   U/R-P/L
 BEGIN
 05/28
 06/01
 CURR

5511   RISKLESS PRINCIPAL
 PF3    LONG-VALUE    SHORT-VALUE      GROSS        P/L       INTEREST   U/R-P/L
 BEGIN                                20,822.       26
 05/28                                7,081         15
 06/01
 CURR
'ENTER' TO CONTINUE ACCOUNT INQUIRY

**SCOTT HENDERSON**

| EARNINGS | | | | | DEDUCTIONS | | | TAXES | | |
|---|---|---|---|---|---|---|---|---|---|---|
| Pay Type | Hours | Rate | Current | YTD | Deduction | Current | YTD | Tax Code | Current | YT |
| Commission Pay | | | 3,336.74 | 61,407.42 | AFLAC Pre-Tax | 21.30 | 63.90 | Federal Income Tax | 188.21 | 11,686. |
| | | | | | Dental Pre-Tax | 9.28 | 27.84 | Employee Medicare | 44.90 | 874. |
| | | | | | Long Term Disability | | 42.75 | Social Security Employee Tax | 192.01 | 3,739. |
| | | | | | Medical Pre-Tax | 209.07 | 627.21 | | | |
| | | | | | UHC PPO 7 EM | | 376.47 | | | |
| | | | | | Voluntary Life | | 13.50 | | | |
| Totals | | | 3,336.74 | 61,407.42 | | 239.65 | 1,151.67 | | 425.12 | 16,300. |

| ACCRUALS | | | | MISCELLANEOUS | | NET PAY DISTRIBUTION | | |
|---|---|---|---|---|---|---|---|---|
| Accrual Descr | Accrued | Taken | Balance | | | Bank Acct | Type | Amou |
| | | | | | | XXXXXX2627 | C | 2,671 |

| | GROSS | TAXES | DEDS | NET PAY | | |
|---|---|---|---|---|---|---|
| CURRENT | 3,336.74 | 425.12 | 239.65 | 2,671.97 | | |
| YTD | 61,407.42 | 16,300.63 | 1,151.67 | 43,955.12 | Total Net Pay: | 2,671 |

**COMPANY MESSAGE**



Exhibit F

Jesup & Lamont Inc.
650 5th Avenue
Floor 3
New York, NY 10019-6108

SSN   XXX-XX-1683
FEIN  59-3627212
SCOTT HENDERSON

| | | | | |
|---|---|---|---|---|
| Emp No | XX0066 | Branch | 645 | Advice No | 541 |
| Location | FL | Department | 140 | Advice Date | 6/15/20 |
| USFIT | S  4 | | | Period Start | 4/30/20 |
| SIT (res) | S  0 | | | Period End | 5/29/20 |
| SIT (work) | S  0 | Job | AAA | | |

REMOVE DOCUMENT ALONG THIS PERFORATION

OFFICIAL DEPOSIT ADVICE HAS COLORED BACKGROUND AND MICROPRINTING ON BORDERS. SEE REVERSE SIDE FOR DETAILS.

**Advice No** 54139
**Date** 6/15/2010

Jesup & Lamont Inc.
650 5th Avenue
Floor 3
New York, NY 10019-6108

SCOTT HENDERSON
1812 BOBTAIL DR
MAITLAND, FL 32751

# DIRECT DEPOSIT ADVICE

NON-NEGOTIABLE    NON-NEGOTIABLE    NON-NEGOTIABLE    NON-NEGOTIABLE

Exhibit G page 1



scott henderson <scott8henderson@gmail.com>

# Inquiry Incorrect Total Exhibit A Jesup Lamont Unpaid Wages

4 messages

---

**scott henderson <scott8henderson@gmail.com>**                    Thu, Aug 12, 2010 at 9:27 PM
To: wholub@jesuplamont.com
Cc: rcs2180@gmail.com, dboykin@jesuplamont.com, aweichselbaum@jesuplamont.com,
mryan@jesuplamont.com, ltodd@jesuplamont.com, mprzybylski@jesuplamont.com,
sbusell@silvermanacampora.com, arosen@silvermanacampora.com

Bill,
    Good morning.  Yesterday I recieved a copy of the bankruptcy petition with Exhibit A seeking to pay employees commissions owed.  Myself and Rob Shelton's totals are not correct and do not include the balance of commissions due to us from May revenues held back.  I assume you are the right person to contact regarding this discrepancy?
    Request payment of my May 2010 commissions due.  I have attached my first paysheet from May which properly shows the total of $ 14,345 total net pay, 7972 to Scott Henderson, 6372 to Rob Shelton.  We were paid only 3337 each which leaves a balance due of 7673 due, 4636 to Scott Henderson, 3036 to Rob Shelton.  I have also attached a second pay sheet changed after payroll adjusting revenues 5% taken off and an additional $ 27,610 of revenues "held back" for future expenses.  We did not agree to this holdback in any way and this policy was not instituted on any other traders, but we were assured by Roger Morel and Bill Holub this balance would be paid out at our standard 25% payout rate upon separation from the firm for any reason.  This clearly shows we were not paid out on this 27,610 in question.  Our last trading day was 6/18 and we were officially terminated on 6/28.  We are still due this balance from our May trading profits/revenues.  We are also both due a refund of the 239 deducted from 6/15 payroll for health insurance and June commissions.  Therefore I show a total of $ 4,875 due to Scott Henderson, and $ 3,275 due to Rob Shelton, plus June commissions/salary based on revenues.  I desperately need to get this balance paid to catch up on bills and move forward.  Please let me know what I need to do or whom I need to speak with to get this corrected.  Thank you for all your help in this matter.  Please do not hesistate to contact me at 407-913-8090 with any questions to help get this taken care of.
    Sincerely,
       Scott Henderson

3 attachments

origMay2010pay.pdf
77K

May2010pay.xls
32K

Re May payroll holdback.msg
27K

---

**Sheryl P. Busell <SBusell@silvermanacampora.com>**                    Fri, Aug 13, 2010 at 10:09 AM
To: scott henderson <scott8henderson@gmail.com>, wholub@jesuplamont.com
Cc: rcs2180@gmail.com, dboykin@jesuplamont.com, aweichselbaum@jesuplamont.com,
mryan@jesuplamont.com, ltodd@jesuplamont.com, mprzybylski@jesuplamont.com, "Adam L. Rosen"
<ARosen@silvermanacampora.com>

Good morning Scott,

*Exhibit G*

My name is Sheryl Busell and I am an associate at SilvermanAcampora LLP. In response to your email below, neither Bill nor this firm is able to simply process payment of your commissions, salaries, wages or other benefits. Because Jesup & Lamont, Inc. is now a debtor-in-possession, there is a bankruptcy estate subject to title 11 of the United States Code (the "Bankruptcy Code"). As a result, Jesup & Lamont, Inc. requested authorization from the court approving the payment of certain pre-petition wages, salaries and other benefits, as detailed in the Application. The Application is currently before the Bankruptcy Court in the Southern District of New York (the "Court").

Unfortunately we are unable to provide you with any legal advice of any kind. The only thing we can do is inform you that if you feel the amount reflected in the Exhibit attached to the Application is not indicative of the amount you believe you are owed, you have the right to file a Proof of Claim form with the Court. Please contact the Court with any questions or concerns regarding your completion of the Proof of Claim form.

Thank you,
Sheryl

Sheryl P. Busell
**SilvermanAcampora LLP**
Telephone: 516.479.6342
SBusell@silvermanacampora.com

---

**From:** scott henderson [mailto:scott8henderson@gmail.com]
**Sent:** Thursday, August 12, 2010 9:28 PM
**To:** wholub@jesuplamont.com
**Cc:** rcs2180@gmail.com; dboykin@jesuplamont.com; aweichselbaum@jesuplamont.com; mryan@jesuplamont.com; ltodd@jesuplamont.com; mprzybylski@jesuplamont.com; Sheryl P. Busell; Adam L. Rosen
**Subject:** Inquiry Incorrect Total Exhibit A Jesup Lamont Unpaid Wages

[Quoted text hidden]

---

**scott henderson <scott8henderson@gmail.com>**      Fri, Aug 13, 2010 at 11:20 AM
To: "Sheryl P. Busell" <SBusell@silvermanacampora.com>

Sheryl,    Thank you for your response. I understand this is a request to the court for permission to pay the wages listed. My wages due for May or June are not listed. I read at the bottom they? are in the process of determining June commissions not yet included and will submit an ammended Exhibit A before the hearing date. I am due commissions for May and June and have documented proof of both claims. I am simply trying to get my commission numbers correct before the updated Exhibit A is submitted to the court on 8/25. If not Bill, then who at the firm is handling these commission calculations? I would much rather have my amount correct on this petition and recieve these wages sooner than later.    Sincerely,   Scott Henderson

[Quoted text hidden]

---

**Sheryl P. Busell <SBusell@silvermanacampora.com>**      Fri, Aug 13, 2010 at 11:28 AM
To: scott henderson <scott8henderson@gmail.com>

Scott,

As stated previously, we are unable to provide any kind of legal advice in any capacity whatsoever. We understand you would like to be paid "sooner rather than later" but Jesup & Lamont, Inc. is now in chapter 11 bankruptcy and therefore must follow the rules and procedures of the Bankruptcy Code.

Exhibit G

If the amount reflected on the Exhibit does not match the amount you believe you are owed, it is your right to
file a Proof of Claim form with the Bankruptcy Court.

Thank you.
Sheryl

Sheryl P. Busell
**SilvermanAcampora LLP**
Telephone: 516.479.6342
SBusell@silvermanacampora.com

**From:** scott henderson [mailto:scott8henderson@gmail.com]
**Sent:** Friday, August 13, 2010 11:20 AM
**To:** Sheryl P. Busell
**Subject:** Re: Inquiry Incorrect Total Exhibit A Jesup Lamont Unpaid Wages

[Quoted text hidden]

Exhibit H

## Scott Henderson

From:    William Holub
Sent:    Thursday, June 17, 2010 1:08 PM
To:      Scott Henderson
Subject: Re: May payroll holdback

Scott thx for the email. Quick question - why do you include don wojnowski on the email?

From: Scott Henderson
To: William Holub
Cc: Roger Morel; Alan Weichselbaum; Michael C. Petrycki; Don Wojnowski; Maureen Ryan; Robert Shelton; Rafael Sosa; Diana Boykin
Sent: Thu Jun 17 13:03:02 2010
Subject: May payroll holdback

Good afternoon Bill,

 As you are aware myself and Rob Shelton's 6/15 payroll for May commissions was significantly lower than agreed based on our paysheet of confirmed revenues, payout % and expenses. I show we should have been paid approx $ 14,345 between both of us, we were paid a total of $ 6,673, a net pay difference of $ 7,672. This pay difference came as a big surprise and was quite unexpected.
 I have discussed this with my manager Roger Morel, as it was explained to me approx $ 769 of this pay difference was attributed to a new policy to hold back 5% of commission firm wide in exchange for future shares of JLI stock, the majority $ 6,903 pay difference was explained as a new policy to hold back current profit to offset future expenses. I was told this holdback going forward would not exceed 3 months of fixed expenses.
 At our 25% net payout the firm is currently holding back $ 27,611 of our profits from may 2010. Our fixed monthly expenses are around $9,000 a month so this holdback represents 3 months of expenses assuming zero net revenue.
 Rob and I were not aware of this policy and to our knowledge no such policy existed. For the record we do not agree with the implementation of this policy and feel that we were singled out arbitrarily to lower net pay. As far as I know, nobody else at this firm previous or currently is under such a policy. We have worked here for quite some time and have a record of significant profitability over many years with the firm.
 Please confirm that Jesup Lamont is currently holding back $ 27,611 of our revenues from May 2010, which at 25% payout is equal to $ 6903 of net pay. Please confirm that we are due this money upon separation from the firm for any reason. $ 27,611 - current expenses x 25%payout = net pay due.

 Sincerely,
  Scott Henderson

Scott Henderson
Assistant Vice President
Equity Trading
Jesup & Lamont Securities Corp
2170 W. St Rd 434 Suite #100
Longwood, FL 32779
407-774-1334
800-579-8100
407-834-7491 fax
shenderson@jesuplamont.com
IM: JLtraderSCOTT

7/1/2010

Exhibit I

Scott Henderson

Roger Horel
Sent: Monday, June 28, 2010 10:17 AM
To: Scott Henderson
Subject: RE: balance of May pay

Scott

I will ask Bill Pichini.

Roger

From: Scott Henderson
Sent: Monday, June 28, 2010 10:06 AM
To: Roger Horel
Subject: balance of May pay

Roger,
          Seems like things aren't looking good here. Rob and I are very concerned about receiving the balance of our May commission pay that was "held back" to go against future expenses which I as you know those.

This total back $27,610 of May revenue at 25%, we also rejected the 6% already taken out which when combined is to be owed. The breakdown is $3036 to Rob Shelton and $4636 to Scott Henderson.

Please advise on what we can do to get this paid out asap.  Thanks

Scott Henderson
Assistant Vice President
Equits Trading
Kemp & Lamont Securities Corp
200 West Road 14 Suite 200
Livingston, NJ 07050
407-774-1414
973-533-5301
973-533-1431 fax
shenderson@jrslpament.com
IM: Stradersf1611

Exhibit J

# Scott Henderson

From:       Scott Henderson

Sent:       Monday, June 28, 2010 10:49 AM

To:         Todd Zuckerbrod

Subject:    May Commissions Due

Attachments: May061010.xls; xls 20100628103745023.pdf

Good morning Todd,

I know you've been insanely busy lately but I wanted to see if you had a chance to look into our May commission issue in which over 50% of our pay was wrongly held back. I've attached our most recent pay sheet which clearly shows 27,610 of revenue "held back" to go against future expenses. This was after the 5% reduction that we rejected only because we desperately need the money. I've also attached our pay sheet with the full amount before Bill manually adjusted our pay last minute. This new policy was never discussed, agreed to in any way, or instituted on anyone else past or present. It came as a complete surprise. Rob and I were paid only 3.33% each, rather than our correct 5.6372. Rob and I % Scott?

We are owed the difference approx $ 5036 to Rob Shelton and $ 4636 to Scott Henderson from May commissions. We are right at breakeven with expenses for June so there is nothing to deduct going forward. I sincerely hope you can help resolve this issue. We are in desperate need to get the balance of this pay to stay afloat personally. I'm not sure what else we can do to resolve besides a formal complaint which I obviously want to avoid in every way. Please look into this and let me know. Thank you for all your help.

Scott Henderson
Assistant Vice President
Equity Trading
Jesup & Lamont Securities Corp
2170 W. St Rd 434 Suite #100
Longwood, FL 32779
407.774.1134
407.774.9194
407.834.7476 fax
shenderson@jesuplamont.com
[N]P LtradersSCOTT

## Scott Henderson

| | |
|---|---|
| **From:** | Alan Weichselbaum |
| **Sent:** | Thursday, June 17, 2010 2:49 PM |
| **To:** | All |
| **Subject:** | Please read important |

**Importance:** High

I would like to thank all of you who responded to our conference call on Tuesday. There were certain major themes throughout those responses that I would like to address here.

First and foremost – most people who reached out to me have been very supportive of the decision to give stock to employees in order to improve our cash flow. However, I have heard you, and I recognize the need to address the concerns which have been raised. Our firm is made up of people who will prevail through any adversity and share a common goal to succeed. That spirit and the willingness to take a further stake in the company is evident from your calls and e-mails. It is clear that the adjustment of commission compensation without advance notice was a mistake, and for that I apologize. Therefore, for those of you who wish to receive all of your May 2010 compensation in cash, you may do so. Alternatively, should you agree to take stock in lieu of cash, you may do so, with my thanks. This e-mail has been set up to receive your choice. (Please select **ACCEPT** or **REJECT** at the top of this message.)

Over the next few months (until we close our transaction) part of your compensation will be paid through the issuance of stock. I appreciate your help and I know that this will be helpful to the firm in the immediate future.

I would also like to take a moment to describe how the stock payment will work. Assume that a rep generated $10,000 in commissions, and that he/she has a 50% payout. This individual would receive $5,000 of which $500 would be in stock and $4,500 would be in cash. Please note that the stock is immediately vested and will be issued by the Board of Directors at the close of the Tri-Artisan transaction. Furthermore, the stock is being issued as part of a retention program. As such, this individual will actually receive '**more**' than $500 worth of stock. The additional amount has yet to be determined but I will let you know as soon as the final formulation is adopted.

Some have raised the issue as to why we need the capital from now to closing. Much of the capital will be used for growth opportunities and the resolution of certain one-time events (e.g., settlement of outstanding "legacy" issues, etc.).

Another issue that was raised in the wake of Tuesday's call relates to the compensation to our administrative staff. Firstly, we have cut many positions in that arena, firm-wide, in the past 6-8 months. Secondly, many administrative and operations employees took pay cuts earlier this year. Those employees were not given stock to make up for their lost wages. This change for commissioned employees is being done to have them vested in the company and is a way for me to thank you for your efforts and your commitment.

Once again, I thank you all for your achievements and for your dedication to our firm.


Alan Weichselbaum
Jesup Lamont, Inc.
623 5th Avenue - 17th Floor
New York, NY 10022
212-918-0418

Exhibit L

B 10 (Official Form 10) (04/10)

# UNITED STATES BANKRUPTCY COURT

**PROOF OF CLAIM**

| | |
|---|---|
| Name of Debtor: **Jesup & Lamont, Inc.** | Case Number: **10-14133** |

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):
**SCOTT HENDERSON**

Name and address where notices should be sent:
**1812 Bobtail Drive**
**Maitland, FL 32751**

Telephone number: **(407) 913-8090**

☐ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number: _____
*(If known)*

Filed on: _____

Name and address where payment should be sent (if different from above):
**Same**

Telephone number:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

**1. Amount of Claim as of Date Case Filed:** $ **11,125.00**

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete item 5.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

**2. Basis for Claim:** **Wages and Commissions**
(See instruction #2 on reverse side.)

**3. Last four digits of any number by which creditor identifies debtor:** **1685**

**3a. Debtor may have scheduled account as:** _____
(See instruction #3a on reverse side.)

**4. Secured Claim** (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

Nature of property or right of setoff: ☐ Real Estate ☐ Motor Vehicle ☐ Other
Describe:

Value of Property: $_____ Annual Interest Rate _____ %

Amount of arrearage and other charges as of time case filed included in secured claim,
if any: $_____ Basis for perfection: _____

Amount of Secured Claim: $_____ Amount Unsecured: $_____

**6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

**7. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (See instruction 7 and definition of "redacted" on reverse side.)

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

**5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a).** If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim:

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

☑ Wages, salaries, or commissions (up to $11,725*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. §507 (a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).

☐ Up to $2,600* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(__).

**Amount entitled to priority:**

$ **11,125.00**

*Amounts are subject to adjustment on 4/1/13 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

**FOR COURT USE ONLY**

Date: **8/17/10**

**Signature:** The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.

**Scott Henderson – Asst. Vice President**

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.